J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
180 Grand Avenue, Suite 225
Oakland, California 94612
Tel.:  (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendant
COUNTY OF ALAMEDA, sued herein as ALAMEDA COUNTY SHERIFF'S OFFICE


FULVIO F. CAJINA (Bar No. 256188)
THE LAW OFFICE OF FULVIO F. CAJINA
The Sierra Building
311 Oak Street
Suite 108
Oakland, CA 94607
Telephone: (415) 601-0779
Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

Attorney for Plaintiff JOHN DEFFLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DEFFLEY,<br><br>Plaintiff,<br><br>v.<br><br>MARCO TORRES; ALAMEDA COUNTY SHERIFF'S OFFICE; and DOES 1-10,<br><br>Defendants. | Case No.: 3:16-cv-04520-JCS<br><br>**JOINT CMC STATEMENT** |

The parties submit the following Joint Case Management Statement in accordance with the Court's order of August 15, 2016, the Notice of October 12, 2016, and the Standing Order for the Northern District of California.

**1. Jurisdiction and Service**

This action was originally filed in Alameda County Superior Court on June 13, 2016. Defendants removed the case to the Northern District of California based on the federal questions raised in the plaintiff's causes of action against the defendants. Jurisdiction is properly conferred under 28 U.S.C. §§ 1331 (federal question). Personal jurisdiction is not disputed. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2).

Defendant County of Alameda was served with the First Amended Complaint filed in the County of Alameda. Defendant Deputy Marco Torres agreed to waive service and all defendants timely appeared in this matter by way of answers filed in the Northern District.

**2. Facts**

**Defendants' Facts:**

The subject incident occurred on May 5, 2015 at approximately 6:00 pm in San Lorenzo. Defendant Deputy Torres was patrolling the area of Delano Street in a fully marked patrol car and wearing an ACSO uniform.

Deputy Torres heard the loud exhaust of an approaching motorcycle. He observed a black Harley Davidson motorcycle traveling at an estimated speed of 80 miles per hour in a residential zone with a posted speed limit of 30 miles per hour. The driver of the motorcycle was later identified as plaintiff John Deffley. There was also a passenger riding on the back of the motorcycle – later identified as Tara Garside.

Deputy Torres turned to follow the motorcycle. The motorcycle continued to travel at a high rate of speed. Deputy Torres also saw the motorcycle cross the double yellow line to pass other vehicles. Deputy Torres notified dispatch and activated his lights and sirens.

A short pursuit ensued before the motorcycle pulled onto the sidewalk and stopped in front of 330 Lewelling Boulevard, the clubhouse of the "Henchmen" motorcycle club. The passenger stepped off the motorcycle, but the plaintiff remained seated. There were approximately eight other

2

Henchmen standing outside the clubhouse at the time.

Given the circumstances, Deputy Torres drew his service weapon and ordered the plaintiff to get on the ground. The plaintiff did not comply and remained on the motorcycle. Deputy Torres then grabbed the plaintiff by the back of his vest and pulled him off the motorcycle.

Several Henchmen club members began yelling and approached Deputy Torres. At that time, Sgt. McMillan arrived on the scene and ordered the men to move away from Deputy Torres. Deputy Torres placed the plaintiff in handcuffs without further incident.

The plaintiff was transported to Santa Rita Jail. The plaintiff provided a blood sample which revealed a BAC of .09. The plaintiff was charged with DUI.

**Plaintiff's Facts:**

On the morning of May 5, 2015, Plaintiff was riding his motorcycle in San Lorenzo, California. Plaintiff was traveling with his girlfriend on the backseat. According to defendant Officer Marco Torres, Plaintiff appeared to be speeding.

Somewhere near Ashland Street and Lewelling Boulevard, Officer Torres engaged his emergency lights (but not his sirens) in an attempt to pull Plaintiff over. However, given that Plaintiff was riding with a passenger, he was unable to see Officer Torres' vehicle.

Instead, Plaintiff continued on his journey for several blocks until reaching his destination, whereat Plaintiff's girlfriend got off the motorcycle and Plaintiff proceeded to park his bike.

Based on security footage, Officer Torres sped to the spot where Plaintiff was parking his motorcycle and exited his vehicle with his gun drawn. Officer Torres then walked toward Plaintiff, who was neither fleeing nor in any way acting threateningly.

Nonetheless, Officer Torres violently pulled Plaintiff off his motorcycle, nearly causing it to fall over, and put the barrel of his firearm directly to Plaintiff head. Plaintiff feared for his life.

Officer Torres proceeded to charge Plaintiff with a litany of unsubstantiated charges including, driving while under the influence, resisting arrest, and reckless driving. Those charges were ultimately reduced and/or dropped.

Since the incident, Plaintiff has suffered, and continues to suffer from, shoulder problems and anxiety. Additionally, Plaintiff lost his job as a direct result of the incident given that his employer,

believed that he would be losing his driving privileges, which he needed for work.

### 3. Legal Issues

The legal issues in this case include the following:

<u>Assault and Battery</u>

Whether the defendants' alleged conduct constituted improper assault or battery.

<u>Excessive Force</u>

Whether the defendants' alleged conduct constituted excessive force.

<u>Intentional Infliction of Emotional Distress</u>

Whether the defendants' alleged conduct constituted intentional infliction of emotional distress.

<u>Qualified Immunity</u>

Whether the defendants are entitled to qualified immunity.

### 4. Motions

   a)  **Prior and Pending Motions**

The defendants filed notices of removal to federal court.  Otherwise, no motions have been filed.

   b)  **Anticipated Motions**

The defendants anticipate filing a motion for summary judgment or other dispositive motion, and other pretrial motions as appropriate.

### 5. Amendment of Pleadings

The parties do not anticipate the need to amend the pleadings at this time.

### 6. Evidence Preservation

The parties represent that they have taken all affirmative steps necessary to preserve evidence related to the issues presented by this action.

### 7. Disclosures

The parties have exchanged initial disclosures pursuant to Rule 26.

///

///

**8. Discovery**

   a) **Completed Discovery**

No formal discovery has been completed as of this time. The parties have voluntarily exchanged records and videos related to the subject incident.

   b) **Anticipated Discovery**

The parties anticipate the exchange of formal written discovery as well as the depositions of the parties and certain witnesses.

**9. Class Actions**

Not applicable.

**10. Related Cases**

There are no related cases.

**11. Relief**

The plaintiff seeks compensatory damages and punitive damages.

**12. Settlement and ADR**

The parties are amenable to ADR, including an early settlement conference before a magistrate judge.

**13. Consent to Magistrate Judge For All Purposes**

The parties have filed consents to proceed before a Magistrate Judge for all purposes including trial.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The defendants anticipate filing dispositive motions as to some or all of the plaintiff's claims.

**16. Expedited Trial Procedure**

It does not appear that this case can be handled on an expedited basis with streamlined procedures at this stage of the proceedings.

**17. Scheduling**

The parties propose the following:

| TASK | DEADLINE |
|---|---|
| 1. Parties will complete Non-Expert discovery by this date | 120 days before trial |
| 2. Parties will serve and exchange expert witness disclosures pursuant to Rule 26(a)(2) by this date | 120 days before trial |
| 3. Parties will serve and exchange rebuttal expert witness disclosures pursuant to Rule 26(a)(2)(C) by this date | 90 days before trial |
| 4. Parties will complete Non-Expert law and motion by this date | 120 days before trial |
| 5. Parties will complete Expert discovery by this date | 120 days before trial |
| 6. Parties will complete Expert law and motion by this date | 90 days before trial |
| 7. All other pretrial motions such as dispositive motions, including motions for summary judgment and motions for emergency relief, shall be heard by this date | 60 days before trial<br>February 2017 |
| 8. Parties will serve, exchange and file their pretrial disclosures pursuant to Rule 26(a)(3) by this date | 30 days before trial |
| 9. Parties to serve any and all objections to any party's proposed evidence pursuant to Rule 26(a)(3) and Civ. L.R. 16-10(b)(11) by this date | 20 days before trial |

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

{00108925.DOC/}RMS 1126
Joint CMC Statement

3:16-cv-04520-JCS
*Deffley v. Torres, et al.*

| | |
|---|---|
| 10.  The Parties suggest a pretrial conference date | 14 days before trial |
| 11.  The Parties suggest the following date for trial | November 2017 |

**18. Trial**

The defendants reserve the right to a jury trial at this time.  The defendants anticipate a 3-4 day trial.

Plaintiff requests a jury trial. Plaintiff anticipates a 4-5 day trial.

**19. Disclosure of Non-Party Interested Entities or Persons**

The parties are unaware of any non-party persons, firms, partnerships, corporations, or other entities that have either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Professional Conduct**

All attorneys of record have reviewed the Northern District Guidelines for Professional Conduct.

**21. Other Matters**

None at this time.

Dated:     November 23, 2016                **ANDRADA & ASSOCIATES**

By */s/ Matthew Roman*
MATTHEW ROMAN
Attorneys for Defendants
COUNTY OF ALAMEDA

Dated: November 18, 2016                **THE LAW OFFICE OF FULVIO F. CAJINA**

*/s/ Fulvio F; Cajina*
FULVIO F. CAJINA
Attorney for Plaintiff JOHN DEFFLEY